OPINION OF THE COURT
Barry Hurowitz, J.
Defendant D.H. Blair & Co., Inc.’s motion to compel arbitra *373 tian is denied. Plaintiffs motion to permanently stay arbitration is granted.
In 1983 the plaintiff opened a securities brokerage account with Broadchild Securities Inc. In connection plaintiff signed an agreement dated July 7, 1983, listing Bache Halsey Stuart Shields, Inc., as a party. It was only signed by the plaintiff. Bache was to act as a clearing broker whose obligation it was to perform record keeping with regard to clearance and settlement of accounts. Broadchild ceased operation in 1986 and its clients received letters stating that if Broadchild received no instructions from them regarding their accounts, it would ask Bache, as clearance broker, to transfer the accounts to D.H. Blair. Plaintiff has commenced this action alleging a breach of fiduciary duty and fraud out of his relationship with defendant.
Paragraph 14 of the Bache agreement states that it shall "inure to the benefit of your successors and assigns”. The agreement also contains an arbitration clause requiring arbitration of any controversy "arising out of or relating to any [plaintiffs] account, to transactions with or for me as to this agreement or the breach thereof.” D.H. Blair contends that the arbitration clause applies to the relationship between D.H. Blair and the plaintiff since the word "your” in paragraph 14 applies to Broadchild’s successor and/or assignee. The court disagrees.
The court finds that the agreement is between Bache, as the clearance broker, and the plaintiff. Broadchild is not mentioned or referred to in this agreement. The word "your” applies to Bache. Thus, the arbitration clause does not apply by virtue of its strict application to dispute between any parties other than plaintiff and Bache.
In addition, even if the court were to hold "your” applied to Broadchild and by extension to Broadchild’s successor and/or assigns, the defendant has submitted no proof that D.H. Blair was a successor and/or assign of Broadchild. Indeed, the papers indicate that Bache, as clearing broker, transferred the accounts to D.H. Blair, apparently as an accommodation to Broadchild’s clients.
D.H. Blair also argues that the arbitration agreement with Bache be extended to them because they are the "corresponding firm and agent” for plaintiffs transaction (Okcuoglu v Hess, Grant & Co., 580 F Supp 749, 751 [ED Pa 1984]). In Okcuoglu (supra), the court found that the arbitration agree *374 ment with the clearance broker applied to the introducing broker, who in this case would be Broadchild, because the introducing broker was agent to both plaintiff and the clearance broker. The court also found that since it was still possible for the plaintiff to bring an action against the clearance broker, since all transactions flowed through the clearance broker, the clearance broker had a right to have "any and all disputes as to options transactions it handled submitted to arbitration” even if it had not been made a defendant in the action (supra).
D.H. Blair also raises the issue that they should be protected as third-party beneficiaries of the agreement between plaintiff and Bache (Cauble v Mabon Nugent & Co., 594 F Supp 985 [SD NY 1984]; Nesslage v York Sec., 823 F2d 231 [8th Cir 1987]). The court finds, however, that the case at bar is factually distinguishable from Okcuoglu (supra), Cauble (supra), and Nesslage (supra).
In Mowbray v Moseley, Hallgarten, Estabrook & Weeden (795 F2d 1111 [1st Cir 1986]), the court noted that Okcuoglu set up a four-step analysis in holding that the arbitration agreement applied to the introducing broker: "(1) since the transactions sued upon related to unauthorized or unexecuted trades, the possibility remained that the clearing house could be joined as a necessary party; (2) so long as the possibility existed of joining the clearing house, such clearing house had the right to have all disputes as to transactions it handled submitted to arbitration; (3) the course of dealings between the parties indicates that the introducing broker acted both as the customer’s and the clearing broker’s agent; and (4) therefore, the introducing broker, as the clearing broker’s agent, could enforce the latter’s contingent right to compel arbitration” (supra, at 1116, citing Okcuoglu v Hess, Grant & Co., supra, at 750-752 [emphasis in original]). Mowbray distinguished Okcuoglu on the facts since in Mowbray there was no possibility for the clearing broker to become a defendant. Okcuoglu may be distinguished from the case at bar since D.H. Blair has failed to show any evidence that it acted as the agent of both the clearing brokers and the plaintiff’s agent. Indeed, D.H. Blair failed to show any proof of the relationship between it and the plaintiff and it and Bache.
The third-party beneficiary analysis set forth in Cauble must also fail. In Cauble, the court held that a "third party may sue as a beneficiary to a contract if the parties intended * * * to benefit the third party” (supra, at 991). In Nesslage *375 (supra), the court held that the arbitration agreement applied to the introducing broker since the introducing broker was the "disclosed agent” of the clearance broker, and, therefore, the introducing broker was a third-party beneficiary (supra, at 233). There has been no showing in the case at bar that the parties intended the Bache agreement to apply to Broadchild or D.H. Blair, or that D.H. Blair was a disclosed agent of Bache.
This issue is further discussed in Mowbray (supra), where the court distinguished Cauble and held that it must be "clear on the record” that the customer intended "the introducing brokers, to invoke the arbitration clause of the agreement” between the customer and the clearing broker. Such was not the case in Mowbray and is not the case in the instant case (Mowbray v Moseley, Hallgarten, Estabrook & Weeden, supra, at 1117). In addition, the court looked to the agreement which, as here, did not include the introducing broker.
In Shaffer v Stratton Oakmont (756 F Supp 365, 369 [ND Ill 1991]), the court held that constructive consent to apply an agreement to arbitrate between a client and the clearance broker to the introducing broker may not be implied "in the absence of an investor’s actual intention (either express — i.e., a written or oral statement, or implied — i.e., from conduct) to be bound by arbitration.” D.H. Blair has evidenced neither a written nor oral agreement nor have they shown any conduct which would imply that plaintiff agreed to arbitrate disputes with them. Thus, the motion to compel arbitration must be denied and the motion to stay arbitration is granted.